# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| LE'ASIA ANN CRUM, et al., § § Plaintiff(s), § § vs. § § HANKOOK TIRE WORLDWIDE § COMPANY, LTD., et al., § § Defendant(s). § | CIVIL ACTION NO. 20-00090-KD-C |

## REPORT AND RECOMMENDATION

This cause is before the Magistrate Judge for issuance of a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(3) and S.D. Ala. GenLR 72(a)(2)(S), on the Notice of Removal (Doc. 1), Plaintiffs' Motion to Remand (Doc. 3), Defendants' Response in Opposition to Plaintiffs' Motion to Remand (Doc. 12), and Plaintiffs' Reply Brief in Support of Motion to Remand (Doc. 13). The Court also had the benefit of oral arguments from the parties on April 14, 2020 on the Motion to Remand. Upon consideration of the foregoing pleadings and oral arguments, it is recommended that Plaintiffs' Motion to Remand (Doc. 3) be granted and this cause remanded to the Circuit Court of Dallas County, Alabama.

## I.    FINDINGS OF FACT

On September 13, 2019, the Plaintiffs filed suit against Hankook Tire America Corporation, Hankook Tire Worldwide Company, Ltd., (formerly known as Hankook Tire Company, Ltd.), Hankook Manufacturing Company, Ltd., Jones Interstate Tire Company, Jones Tires, LLC and Cosby-Carmichael, Inc. ("Cosby")  in the Circuit Court of Dallas County, Alabama arising out of a trucking accident that occurred in Dallas County that claimed the life of Robert Crum, Jr. (Doc.

3-1) [1,2]  Crum was an employee of Cosby and was driving one of Cosby's trucks in the line and scope of his employment when the accident happened. The truck was equipped with a Hankook tire. According to the complaint, the Hankook tire suddenly and unexpectedly detreaded causing Crum to lose control of the truck, resulting in it overturning. The subject Hankook tire was approximately ten (10) years old. The complaint alleged that, as a direct and proximate result of the dangerous condition caused by the dangerous and/or defective tire, Crum suffered fatal injuries. (Doc. 3-1 at ¶¶ 24-26) According to the Plaintiffs' complaint, the Hankook tire was purchased from the Jones Defendants by Cosby.  It was further alleged that the subject tire was installed, inspected, serviced and maintained by both Cosby and the Jones Defendants.

The complaint asserted numerous claims against Hankook and Jones Defendants related to the condition of the Hankook tire including violations of the Alabama Extended Manufacturer's Liability Doctrine ("AMELD"), negligence/wantonness, breach of warranty and failure to warn. It also asserted a worker's compensation claim against Cosby.  (Doc. 3-1)

Pursuant to 28 U.S.C. § 1446(b)(3), Hankook removed this action to federal court on February 14, 2020 asserting that the non-diverse Jones Defendants were fraudulently joined. Hankook also contended that, even though the Plaintiffs had a viable worker's compensation claim against Cosby, the court should sever and remand the worker's compensation claim, keeping only the claims against Hankook in federal court. (Doc. 1) In removing this action under 28 U.S.C. § 1446(b)(3), the Defendants relied upon the Jones Defendants' Responses to Plaintiffs' Request for

---

[1] In the Notice of Removal, counsel representing the Hankook Entities stated that Hankook Manufacturing Company, Ltd. and Hankook Tire Worldwide, Ltd. no longer existed.  The proper entities, and the ones who filed answers to the Complaint, are Hankook Technology Group Company, Ltd., formerly known as Hankook Tire Worldwide Company, Ltd. and Defendant Hankook Tire & Technology Company, Ltd., formerly known as Hankook Tire Manufacturing Company.  (Doc. 1) Hereinafter, these parties will be collectively referred to as "Hankook" or the Defendants.

[2] Jones Interstate Tire Company and Jones Tires, LLC are collectively referred to as the Jones Defendants, unless noted otherwise in the report.

2

Admissions wherein the Jones Defendants denied selling the subject Hankook tire to Cosby and denied servicing, maintaining, repairing or installing the subject Hankook tire. (Doc. 1 at 3) Although these discovery responses were served on the Plaintiffs in October 2019, Hankook did not receive a copy of the discovery responses until January 30, 2020, after the Defendants' counsel emailed the Jones Defendants' counsel asking for copies of them. (Doc. 12-2) Hankook then filed the Notice of Removal. According to Hankook, removal occurred within 15 days of receiving copies of the discovery responses, but more than 30 days after being served with a copy of the complaint.

On March 9, 2020, the Plaintiffs filed a Motion to Remand contending that the action should be remanded because:

- the Defendants' Notice of Removal, based upon "other paper", was procedurally improper because the "other paper" was not received from the Plaintiffs as required by 28 U.S.C. § 1446(b)(3);
- the Jones Defendants were not fraudulently joined; and
- the existence of a viable workers' compensation claim made the case unremovable.

The Plaintiffs pointed out that, in the responses to discovery, the Jones Defendants admitted that they were in the "business of selling tires and [would] also install as needed by customers" and that "if customers specifically request[ed] a Hankook tire, Defendant [would] obtain said tire from third party sources if available." (Doc. 3- 6: Responses to ## 13 and 15) Plaintiffs also produced an invoice showing that Cosby had purchased numerous tires from the Jones Defendants. The invoice also indicated that the Jones Defendants provided "repair and maintenance" on the tires they sold to Cosby- a claim that the Jones Defendants denied in

3

discovery responses. (Doc. 3-12 and Doc. 3-13) At the time of removal, no depositions of the parties had been taken in the case.

## II. FRAUDULENT JOINDER STANDARD

Federal courts are courts of limited jurisdiction. *Landrum v. Delta Int'l Mach. Corp.,* 2008 WL 2326324 (M.D. Ala. June 3, 2008); *Kokkohen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994). Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear. *Landrum,* 2008 WL 2326324 at *1; Miedema v Maytag Corp.,* 450 F.3d 1322, 1329 (11th Cir. 2006); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). In removal actions, the removing defendant bears the "heavy burden" of establishing that removal is proper under 28 U.S.C. § 1441 and, therefore, of establishing the existence of federal subject matter jurisdiction. *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011). Moreover, because the burden is heavy and the desire to protect state court jurisdiction is strong, the "defendant must make such a showing by clear and convincing evidence." *Henderson v. Washington National Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006) (citations omitted).

Allegations of fraudulent joinder are no exception to this rule. As with all removals, the removing party bears the "heavy" burden of establishing fraudulent joinder by "clear and convincing evidence." *Henderson,* 454 F.3d at 1284; *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). To prove that a resident defendant has been fraudulently joined, the removing defendant must show either that "there is no possibility that the plaintiffs would be able to establish a cause of action against the resident defendant in state court or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Crowe,* 113 F.3d at 1538; *Triggs v. John Crump Toyota,* 154 F.3d 1284, 1287 (11th Cir. 1998). If there is any possibility that a state court would

find that the complaint states a cause of action against a resident defendant, a district court must reject a defendant's assertion that there has been fraudulent joinder. *See id.*

"When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Crowe*, 113 F.3d at 1538. "Where there have been allegations of fraudulent joinder . . . the question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved. If that possibility exists, a good faith assertion of such an expectancy in a state court is not a sham . . . and is not fraudulent in fact or in law." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 550 (5th Cir. 1981)) (quoting *Bobby Jones Garden Apartments v. Suleski*, 391 F.2d 172, 177 (5th Cir. 1968)). Thus, this Court's inquiry is limited to determining whether there is a possibility that the state court might find that the complaint states a cause of action against the resident defendants. *Crowe*, 113 F.3d at 1541-42.

## III. THERE IS NO CLEAR AND CONVINCING EVIDENCE THAT THE JONES DEFENDANTS WERE FRAUDULENTLY JOINED.

Because clear and convincing evidence has not been provided by the Defendants to show that Plaintiffs have no cause of action against the non-diverse Jones Defendants, this Court is without jurisdiction and the case must be remanded. The law of this Circuit is clear that, in order for the Jones Defendants' citizenship to be disregarded for removal purposes, Hankook must show by clear and convincing evidence that this is no possibility the Plaintiffs can establish a cause of action against the Jones Defendants. *See Henderson v. Washington National Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006) and *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). Here, the only evidence submitted to prove fraudulent joinder was the Jones Defendants' responses to requests for admissions that denied any involvement in selling, installing, repairing or maintaining the tire alleged to have been a cause of the underlying accident. This denial does

not establish any facts conclusively, it only establishes that these are factual matters that are in dispute. The Jones Defendants' denial of Plaintiffs' allegations in discovery responses does not establish by clear and convincing evidence that there is "no possibility" that Plaintiffs can establish a cause of action against it. *See Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc.,* 436 Fed. App'x. 888 (11th Cir. 2011). Additionally, Plaintiffs produced an invoice from Cosby, the owner of the vehicle involved in the accident, showing that it regularly purchased tires from the Jones Defendants. The invoice also indicated that the Jones Defendants provided "repair and maintenance" of the tires they sold to Cosby. This invoice was provided by Cosby in response to an inquiry about who sold Cosby the Hankook tire that failed on the subject vehicle at the time of the accident. (Docs.3-12 and 3-13) The Jones Defendants, in the same discovery responses relied upon by Hankook, further stated that they were in the business of selling and installing tires, and that they would obtain Hankook tires for customers upon request. (Doc. 3-6: Responses to ## 13 and 15)

The Eleventh Circuit has strongly cautioned courts against weighing "the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Crowe v. Coleman,* 113 F.3d 1536, 1538 (11th Cir. 1997). This Court's inquiry is limited to determining only if there is a possibility that a state court might find that the complaint states a cause of action against the Jones Defendants. *Crowe*, 113 F.3d at 1541-42. When all the facts are reviewed at this stage of the proceeding, it becomes clear that any involvement of the non-diverse Jones Defendants alleged to have caused the accident is *disputed* with discovery on the issue of their involvement ongoing. Based on this information, clear and convincing evidence has not been provided to show that Plaintiffs have no cause of action against the non-diverse defendants. Therefore, since it is undisputed that the Jones Defendants are not diverse, the Court is without jurisdiction and this cause must be remanded.

### III. CONCLUSION AND RECOMMENDATION:

For the reasons set forth above, it is **RECOMMENDED** that Plaintiffs' Motion to Remand (Doc. 3) be **GRANTED** and that this case be remanded to the Circuit Court of Dallas County, Alabama.[3]

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing

---

[3] Given the substantive decision on the fraudulent joinder issue, there is no need to decide the procedural issues of timeliness (other paper) and severance (worker's compensation). The undersigned would note, however, that the majority of district courts in Alabama that have had occasion to rule on this severance issue have remanded the case in its entirety. *Moore v. Howard*, 2019 WL 91006 at *2 (M.D. Ala. February 25, 2019) (cases listed), but *cf. Lamar v. Home Depot*, 907 F. Supp. 2d 1311 (S.D. Ala. December 3, 2012) (worker's compensation claim severed and remanded but tort claims retained).

before the Magistrate Judge is not specific.

DONE AND ENTERED this 11th day of June 2020.

/s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE